FILED

November 29 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 07-0157

FILED

NOV 2 9 2011

*Ed Smith*
CLERK OF THE SUP...
STATE OF MONTANA

IN THE MATTER OF THE REVISIONS TO
RULES 23(f) AND 45(a)(1)(A)(iv) OF THE
MONTANA RULES OF CIVIL PROCEDURE

O R D E R

On April 26, 2011, this Court adopted new Montana Rules of Civil Procedure with an effective date of October 1, 2011. It has come to the Court's attention that M. R. Civ. P. 23(f), providing for appeals from an order permitting or refusing class certification or rejecting a proposed class settlement, conflicts in part with the Montana Rules of Appellate Procedure. The Court has decided to resolve the conflict by revising M. R. Civ. P. 23(f) to adhere to the provisions of the Montana Rules of Appellate Procedure.

Therefore,

IT IS ORDERED that M. R. Civ. P. 23(f) is revised as follows. Language to be deleted from the Rule is shown with interlineations; new language is underlined.

> **f) Appeals**. Appeal may be filed from an order granting or denying class action certification under this rule, or an order finally and definitively rejecting a proposed class settlement, by notice of appeal filed within the time allowed for appeals under the Montana Rules of Appellate Procedure. (1) Permitting or Refusing Class Certification. The supreme court may permit an appeal from an order granting or denying class action certification under this rule if a petition for permission to appeal is filed with the supreme court within 14 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or supreme court so orders.
> (2) Rejecting of Proposed Class Settlement.

1

(A) The supreme court may, in its discretion, grant an appeal from an order finally and definitively rejecting a proposed class action settlement, provided that the appeal is filed within 14 days after entry of the order. An appeal does not stay proceedings in the district court unless the district court or the supreme court so orders. This section applies only to appeals in which both the class and the defendants join, and it does not apply when the district court's rejection of a settlement is conditional or when further proceedings relating to the proposed settlement are contemplated.
(B) In an appeal under subsection (A), the supreme court may appoint counsel, including but not limited to counsel for objectors, to represent the district court's position that the settlement is not fair and reasonable.
(C) The decision of the district court rejecting a settlement is reviewed for abuse of discretion.

In addition, the Court's attention has been drawn to a mistake in M. R. Civ. P. 45(a)(1)(A)(iv). That subsection presently reads "set out the text of Rule 45(c) and (d)." It should read "set out the text of Rule 45(d) and (e)."

Therefore,

IT IS FURTHER ORDERED that M. R. Civ. P. 45(a)(1)(A)(iv) is corrected to read as follows: "set out the text of Rule 45(d) and (e)."

The Clerk is directed to provide copies of this Order to each Clerk of the District Court in the State of Montana; each District Judge for the State of Montana; Lee Heiman at the Montana Legislative Services Division; the Montana Attorney General; the Director of the Montana Trial Lawyers; the Director of the Montana Defense Trial Lawyers; the Clerk of the United States District Court for the District of Montana; the President of the Montana Magistrates' Association; the Executive Director of the State Bar of Montana; the University of Montana School of Law; the State Law Librarian; and the Chair and each member of the Advisory Commission on Rules of Civil and Appellate Procedure.

DATED this _____ day of November, 2011.

_____
Chief Justice

_/s/ Michael E McGrath_

_/s/_

_/s/ Patricia Cotter_

_/s/_

_/s/ Brian Morris_

_/s/ Jim Rice_

Justices